# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

ROBERT SHALHOUB,  CASE NO. _____

    Plaintiff,  HON.

v.

A2MAC1, LLC, TINA RUSSO, and
FRANK BUNT, in their individual
capacities,

    Defendants.

---

| | |
|---|---|
| Jonathan R. Marko (P72450) | Michael A. Chichester, Jr. (P70823) |
| MARKO LAW, PLLC | LITTLER MENDELSON, P.C. |
| 1300 Broadway Street, 5th Floor | 200 Renaissance Center, Suite 3110 |
| Detroit, Michigan 48226 | Detroit, Michigan 48243 |
| (313) 777-7529 | (313) 446-6400 |
| jon@markolaw.com | mchichester@littler.com |
| *Attorneys for Plaintiff* | *Attorney for Defendants* |

---

### DEFENDANTS A2MAC1, LLC, TINA RUSSO, and FRANK BUNTE's NOTICE OF REMOVAL

Defendants A2MAC1, LLC, TINA RUSSO, and FRANK BUNTE[1] ("Defendants"), through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby removes Case No. 21-006837-CD from the Circuit Court for the County of Wayne, State of Michigan, to the United States District Court for the

---

[1] Plaintiff's original and First Amended complaint both incorrectly refer to CEO of A2Mac1, LLC, Frank Bunte, as Frank "Bunt." Defendants will use the correct version of Mr. Bunte's name in this notice of removal.

1

Eastern District of Michigan, Southern Division, and as grounds for its removal states as follows:

## STATEMENT OF THE CASE

1. On or about June 7, 2021, Plaintiff Robert Shalhoub ("Plaintiff") filed a Complaint in the Circuit Court for the County of Wayne, State of Michigan, styled *Robert Shalhoub vs. A2Mac1, LLC, et. al,* Case No. 21-006837-CD (the "State Court Action"), copies of which are attached hereto as Exhibit 1, together with the summonses issued to A2Mac1, LLC and Frank Bunte.

2. Service of Summonses and Plaintiff's Complaint ("Complaint") by electronic mail, was effected upon Defendants, excluding Tina Russo, on June 7, 2021, copies of which are attached hereto as Exhibit 2.

3. Later that same day, Plaintiff amended his complaint, naming Tina Russo as an additional defendant in the First Amended Complaint ("FAC"), copies of which are attached hereto as Exhibit 3.[2]

4. However, Plaintiff did not serve the FAC until June 9, 2021, copies of which are attached hereto as Exhibit 4.

5. Service of a summons by electronic mail, was effected upon Ms. Russo on June 11, 2021, a copy of which is attached hereto as Exhibit 5.

---

[2] References to the record are as follows: First Amended Complaint, "(FAC __)".

6. The aforesaid documents (Exhibits 1-5) constitute all process, pleadings, and orders served upon Defendants in this action.

7. The Complaint purports to assert five causes of action against Defendants, arising under the Michigan Elliott-Larsen Civil Rights Act, MCL 37.2102, *et seq.*, the common law of contracts and promissory estoppel, the Michigan Sales Representative Act, MCL 600.2961, *et seq.*, and the Whistleblowers' Protection Act, MCL 15.361 *et seq.* ("WPA"). (FAC. ¶¶ 20-43.)

8. The relief Plaintiff seeks includes, *inter alia,* actual damages, emotional distress damages, exemplary and punitive damages, as well as attorney fees, costs, and interest. (FAC p. 8, "Relief Requested" paragraph.)

## DIVERSITY JURISDICTION UNDER 28 U.S.C. 1332

9. This action is one of which this Court has original jurisdiction under the provisions of Title 28, United States Code, Section 1332 (diversity), and is one which may be removed to this Court by Defendants pursuant to the provisions of Title 28, United States Code, Section 1441, in that it is an action of civil nature wherein the alleged value of the claim of Plaintiff is in excess of the amount of $75,000.00, exclusive of interest, costs and attorney fees, and is between a citizen of the State of Michigan and citizens of foreign states. Moreover, for the reasons set forth more fully herein, Plaintiff's fraudulent joinder of Defendant Russo does not

defeat removal. The amount in controversy and citizenship of the parties is set forth more fully below:

    a.    At the time such action was instituted in the Circuit Court for Wayne County in the State of Michigan, and at the present time, Plaintiff is and has been a citizen of the State of Michigan. (FAC ¶5.)

    b.    At the time such action was commenced, and at the present time, A2Mac1, LLC ("A2Mac1"), was and is a Limited Liability Company. For purposes of diversity jurisdiction, a limited liability company has the citizenship of its members, rather than the state where it is organized. *See Yarber* v. *M.J. Elec., LLC,* 824 F. App'x 407, 409-10 (6th Cir. 2020); *VeriCorr Packaging, LLC* v. *Osiris Innovations Grp., LLC,* 501 F. Supp. 2d 989 (E.D. Mich. 2007).

    c.    A2Mac1 is comprised of a sole member, Hary Participations, which is a French corporation (*société par actions simplifiée)* and has its principal place of business in France. For purposes of diversity jurisdiction, a corporation is domiciled in every foreign state where it is incorporated or where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1). This means that for purposes of domicile, A2Mac1 has French citizenship.

   d. Since Hary Participations is the sole member of A2Mac1 and it is not a citizen of Michigan, complete diversity exists as between Plaintiff and A2Mac1.

   e. Frank Bunte is a citizen of Germany and not a citizen of Michigan, and therefore, complete diversity exists between Plaintiff and Defendant Bunte.

   f. Defendant Russo is a citizen of Michigan. However, Defendant Russo is not a proper defendant in this action, but rather has been fraudulently joined to defeat diversity jurisdiction.

10. Fraudulent joinder is "a judicially created doctrine that provides an exception to the requirement of complete diversity." *Casias v. Wal-Mart Stores, Inc.*, 695 F.3d 428, 432 (6th Cir. 2012) (internal citations omitted). Without Russo's fraudulent joinder, complete diversity would exist.

   a. "A defendant is fraudulently joined if it is clear that there can be no recovery under the law of the state on the cause alleged or on the facts in view of the law." *Id.* at 432-33 (citation omitted). "The relevant inquiry is whether there is a colorable basis for predicting that a plaintiff may recover against a defendant." *Id.* at 433 (citation omitted). Defendants here assume the burden of demonstrating Plaintiff's fraudulent joinder of Russo. *Id.*

5

      b.      When a non-diverse party has been shown to be fraudulently joined, the proper procedure is to dismiss that party from the suit. *TGINN Jets, LLC v. Meathe*, No. 19-10105, 2019 WL 1571187, at *1 (E.D.Mich Apr. 11, 2019) (citing *Probus v. Charter Commc'ns, LLC*, 234 F. App'x 404, 407 (6th Cir. 2007)).[3]

      c.      Here, no colorable basis in fact or law exists for any claims by Plaintiff Shalhoub against Defendant Russo.  In the FAC, Russo has been named in this case fraudulently and in bad faith because Plaintiff realized that neither Mr. Bunte, the only relevant "agent" of A2Mac1 in this case for purposes of the statutes mentioned in ¶7 above, nor A2Mac1 itself, are citizens of Michigan.  A fair reading of the relief Plaintiff requests in his complaint makes clear that there is no basis for finding that Plaintiff may recover against Russo in her individual capacity for allegedly acting as A2Mac1's "agent" for the single action of placing Plaintiff on administrative leave.  *See* FAC, ¶¶ 8, 18-19.

      d.      Russo was not Plaintiff's supervisor, had no involvement in decisions pertaining to Plaintiff's employment, and merely communicated decisions made by A2Mac1 to Plaintiff in her former capacity as A2Mac1's Human Resources Manager.

---

[3] All unpublished cases are attached as Exhibit 6 hereto.

e. Because she did not exercise significant control over Plaintiff's hiring, firing, or conditions of employment at A2Mac1, Russo is not an "agent" under the relevant statutes mentioned in ¶7 above. *See Odigbo v. N.W. Airlines, Inc.*, 8 F. Supp. 2d. 660, 664 (E.D.Mich. 1998). Instead, like in other cases where Michigan courts have found that a defendant was fraudulently joined, Russo was simply conducting routine "administrative duties related to personnel matters" *Urbanski v. Sears Roebuck & Co.*, No. 211223, 2000 WL 33421411, at *4 (Mich. Ct. App. May 2, 2000), and was simply "communicat[ing] a message" from A2Mac1 to Plaintiff when she conveyed to Shalhoub that he had been placed on administrative leave *Simplicean v. SSI (US), Inc.*, No. 18-CV-11297, 2018 WL 3861736, at *3 (E.D. Mich. Aug. 14, 2018).

f. Rather than acting as A2Mac1's "agent" as that term is used in MCL 37.2102, *et seq*, Russo was simply passing along a message which she "had no control over" and therefore, as alleged by Plaintiff "[t]he facts . . . taken as true, do not make it plausible that [Russo] made personnel decisions, controlled a term of Plaintiff's employment, or exercised significant control over" Shalhoub. *Simplicean*, 2018 WL 3861736, at *3. Furthermore, the informing of Shalhoub of his placement on administrative leave is also analogous to the case law holding that "merely informational input" does not

7

result in an "agent" being held liable under the law. *Freeman v. Unisys Corp.*, 870 F. Supp. 169, 173 (E.D. Mich. 1994) (holding that "merely informational input by an employee or supervisor does not make them an agent of an employer that qualifies them for liability under" the Elliott-Larsen Civil Rights Act). Moreover, there is no argument for Shalhoub here that Russo was delegated "employer-like functions" because she was not making the actual decisions to hire, fire, or change the conditions of employment for Shalhoub, Shalhoub did not report to her, and she was simply carrying out her employer's orders.

    g.    Therefore, Plaintiff cannot state a claim against Defendant Russo. Since Plaintiff amended his complaint to name Defendant Tina Russo in this case solely to attempt to defeat diversity of citizenship, Russo should be dismissed or disregarded as fraudulently joined by Shalhoub. With Russo's dismissal, complete diversity of citizenship between Plaintiff and Defendants A2Mac1 and Bunte exists.

11.    While Plaintiff's Complaint seeks damages in an unspecified amount, the allegations set forth in the Complaint and the damages articulated therein make clear that Plaintiff is seeking damages well in excess of $75,000.00.

    a.    A2Mac1 employed Plaintiff from 2015 until it terminated his employment in June 2021. (FAC ¶ 12). Plaintiff now alleges that he was

8

retaliated against for engaging in alleged protected activity (FAC ¶¶ 20-25, 38-43) and not paid wages, commissions, and bonuses as promised by contract or otherwise (FAC ¶¶ 26-37).

      b.    Plaintiff's Complaint demands that a judgment be entered against Defendant "in an amount that this Court or a jury deems just and fair, plus interests, costs, and attorney fees." (FAC p. 8, "Relief Requested" paragraph). During Plaintiff's six years of employment with Defendant A2Mac1, he earned a varied salary. As of January 1, 2021, Plaintiff earned roughly $126,000.00 in wages, or approximately $2,423.08 per week. Thus, in the three weeks since filing suit against A2Mac1, Plaintiff has accrued approximately $7,268.24 in potential back pay damages since his employment termination, and his lost earnings continue to accrue at a rate of approximately $2,423.08 per week.

      c.    The latest available statistics from the Administrative Office of the United States Courts reflect that, for the twelve-month period ending December 31, 2020 (median time from filing to trial was not reported in the March 31, 2021 Report), the median interval from filing to trial in civil cases in the Eastern District of Michigan was 30.9 months. Should this case proceed to trial in January 2024, Plaintiff's alleged lost wages through that date will total approximately $300,000.

d. In addition, damages available to a plaintiff in a WPA action include potential reinstatement, back pay, front pay, noneconomic damages, full reinstatement of fringe benefits and seniority rights, actual damages, or any combination of these remedies. A Plaintiff may also recover attorney's fees under the WPA for a proven violation. Damages available for termination in violation of the ELCRA include back pay, front pay, payment for lost benefits, and noneconomic damages.

e. Taking Plaintiff's claims for lost wages and benefits and emotional distress damages together, the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest, costs and attorney fees, and thus the amount in controversy requirement is satisfied. *See Hayes v. Equitable Energy Res. Co.,* 266 F.3d 560, 572-73 (6th Cir. 2001).

12. Defendants' Notice of Removal is timely as it was filed within thirty (30) days of service of the summonses and complaint, pursuant to 28 U.S.C. § 1446(b).

13. All Defendants consent to removal.

14. Pursuant to 28 U.S.C. § 1446(d), true and correct copies of this Notice of Removal have been served upon Plaintiff and Defendants have timely filed a copy of this Notice of Removal with the Clerk of the Wayne County Circuit Court.

## CONCLUSION

By this Notice of Removal, Defendants A2MAC1, LLC, TINA RUSSO, and FRANK BUNTE do not waive any objections they may have as to service, jurisdiction, or venue, or any other defenses or objections they may have to this action. Defendants A2MAC1, LLC, TINA RUSSO, and FRANK BUNTE expressly reserve all defenses, motions and/or pleas.

Dated: June 30, 2021

*/s/ Michael A. Chichester, Jr.*
Michael A. Chichester, Jr. (P70823)
LITTLER MENDELSON, P.C.
200 Renaissance Center, Suite 3110
Detroit, Michigan 48243
(313) 446-6400
mchichester@littler.com

*Attorney for Defendants*

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served upon all parties and/or attorneys of record to the above cause herein at their respective addresses as disclosed on the pleadings on June 30, 2021, via:

| X | U. S. Mail |  | Facsimile |
|---|---|---|---|
|  | ECF Filing |  | Hand Delivery |
| X | E-Mail |  | Federal Express |

*/s/ Michael A. Chichester, Jr.*
Michael A. Chichester, Jr.

11