# EXHIBIT 3

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

ROBERT SHALHOUB,

    Plaintiff,

-vs-

A2MAC1, LLC, TINA RUSSO,
and FRANK BUNT, in their individual
capacities,

    Defendants.

Case No. 21-006837-CD
Hon. Lita Masini Popke

___

JONATHAN R. MARKO (P72450)
**MARKO LAW, PLLC**
Attorney for Plaintiff
1300 Broadway Street, Fifth Floor
Detroit, MI 48226
P: (313) 777-7529 / F: (313) 771-5785
jon@markolaw.com

___

## FIRST AMENDED COMPLAINT

NOW COMES Plaintiff, ROBERT SHALHOUB, by and through his attorneys, MARKO LAW, PLLC, and for his Complaint against the above-named Defendants, states as follows:

### INTRODUCTION

1. Plaintiff, Robert Shalhoub, brings this action seeking financial penalties against his former employers, Defendants, A2MAC1, LLC, its CEO, Frank Bunt, and its Human Resources ("HR") Manager, Tina Russo, for their repeated unlawful retaliations

1

against him and all the suffering, pain, and damages that Plaintiff has had to endure because of Defendants' illegal employment actions.

2. Defendants first retaliated against Plaintiff by unilaterally changing his commission plan, essentially stealing from him, after he testified honestly in a co-worker's civil rights investigation and lawsuit that made Defendants look bad. Unsurprisingly, the 2018 lawsuit arose out of another obvious instance where Defendants illegally retaliated against one of its employees for reporting sexual harassment, suggesting this might be a pattern for Defendants.

3. Plaintiff consulted a civil rights lawyer, who raised concerns to Defendants about their illegal retaliation against Plaintiff.

4. Inexplicably, after learning that Plaintiff was being represented by an attorney and that Plaintiff and his attorney were already raising issues of employment retaliation and planning to pursue legal remedies, Defendants fired Plaintiff within weeks, in yet another obvious retaliatory act.

## JURISDICTION AND VENUE

5. Robert Shalhoub is a 51-year-old man, who resides in the County of Wayne, State of Michigan.

6. Defendant A2Mac1, LLC, conducts business in the State of Michigan, and does in fact regularly and systematically conduct this business in the County of Wayne, State of Michigan.

7. Defendant Frank Bunt, at all times relevant was the CEO of Defendant A2Mac1, LLC, at its location in the County of Wayne, State of Michigan.

8. Defendant Tina Russo, at all times relevant, was the HR Manager of A2Mac1, LLC, and works at its location in the City of Belleville, County of Wayne, State of Michigan and resides in the State of Michigan.

9. The transactions and occurrences giving rise to this action took place in the County of Wayne, State of Michigan.

10. The amount in controversy greatly exceeds this Court's jurisdictional requirement.

## FACTUAL ALLEGATIONS

11. Plaintiff, by reference, incorporates the preceding paragraphs of his Complaint as though fully set forth herein.

12. Plaintiff started working for Defendants in 2015 and he was an exemplary employee for six years, never receiving any write-ups or disciplines the entire time.

13. Defendant A2Mac1, LLC, was sued by another employee in 2018 because A2Mac1, LLC, allowed her to be sexually harassed at work and then retaliated against her when she complained about it.

14. Plaintiff participated in the 2018 lawsuit and refused to lie to help A2Mac1, LLC, save face. He testified honestly that he thought A2Mac1, LLC, retaliated against the woman for complaining about the harassment she faced.

15. After Plaintiff's testimony cast a negative light on A2Mac1, LLC, Defendants changed his commission plan, depriving him of commissions that he earned and relied on.

3

16. Plaintiff recognized that Defendants were retaliating against him for participating in a civil rights investigation and lawsuit, both of which are protected activities under Michigan's Elliott-Larsen Civil Rights Act, so he consulted with an attorney.

17. On April 30, 2021, Plaintiff's counsel contacted Defendants on Plaintiff's behalf, notifying Defendants that Plaintiff planned to seek recovery from Defendants for Defendants' illegal actions directed at him. **(Exhibit 1, April 30, 2021, Letter to Defendants).**

18. Less than thirty (30) days after Plaintiff's counsel complained on Plaintiff's behalf, Defendant Tina Russo placed Plaintiff on administrative leave and Defendants threatened to terminate Plaintiff in retaliation for seeking legal advice regarding his civil rights with an attorney.

19. Defendant Tina Russo participated in and/or conspired with the other Defendants in taking unlawful adverse employment actions against Plaintiff.

## COUNT I: VIOLATION OF MICHIGAN ELLIOTT-LARSEN CIVIL RIGHTS ACT – RETALIATION

20. Plaintiff, by reference, incorporates the preceding paragraphs of his Complaint as though fully set forth herein.

21. At all relevant times, Plaintiff was an "employee" and Defendants were "employers" within the meaning of Michigan's Elliott-Larsen Civil Rights Act ("ELCRA"), MCL 37.2101, *et seq.*

4

22. Plaintiff engaged in protected civil rights activity under the ELCRA when he participated honestly in his co-worker's civil rights lawsuit.

23. Plaintiff engaged in protected civil rights activity when he communicated, consulted with, and provided information regarding Defendants' retaliation to an employment lawyer. *See, Doe v. Kohn Nast & Graf, P.C.*, 862 F. Supp. 1310 (E.D. PA 1994).

24. Defendants retaliated against Plaintiff for engaging in said protected activity by terminating his employment.

25. As a direct and proximate result of Defendants' actions, Plaintiff has sustained and continues to sustain injuries and damages.

## COUNT II: BREACH OF CONTRACT

26. Plaintiff, by reference, incorporates the preceding paragraphs of his Complaint as though fully set forth herein.

27. Plaintiff satisfactorily performed all his obligations under the parties' employment contract.

28. Defendants have breached the parties' employment contract by unilaterally changing Plaintiff's commission plan and by terminating him in retaliation for seeking legal advice.

29. As a direct result of Defendants' breach of said employment contract, Plaintiff has sustained and continues to sustain injuries and damages.

5

## COUNT III: PROMISSORY ESTOPPEL

30. Plaintiff, by reference, incorporates the preceding paragraphs of his Complaint as though fully set forth herein.

31. Defendants made a clear and unambiguous promise to Plaintiff that he would receive commission for all of his past services that earned money for Defendants.

32. Defendants made a clear and unambiguous promise to Plaintiff that he would retain his employment with them if he performed satisfactorily.

33. Defendants breached said promises.

34. Plaintiff relied on Defendants' promises in agreeing to work for Defendants.

35. Plaintiff's reliance was reasonable and foreseeable.

36. As a direct result of Defendants' breach of said promises, Plaintiff has sustained and continues to sustain injuries and damages.

## COUNT IV: VIOLATION OF MICHIGAN SALES REPRESENTATIVE ACT

31. Plaintiff, by reference, incorporates the preceding paragraphs of his Complaint as though fully set forth herein.

32. Plaintiff was a sales representative under the Michigan Sales Representative Act ("MSRA"), MCL 600.2961, *et seq.*

33. Defendants were principals under the MSRA.

34. Commissions are due and owing to the Plaintiff from Defendants.

35. Defendants purposefully failed to pay the commissions.

36. Defendants' actions violate the MSRA.

37. As a direct result of Defendants' failure to pay Plaintiff owed commissions, Plaintiff has sustained and continues to sustain injuries and damages.

### COUNT V: VIOLATION OF WHISTLEBLOWERS' PROTECTION ACT

38. Plaintiff, by reference, incorporates the preceding paragraphs of his Complaint as though fully set forth herein.

39. Plaintiff reported suspected violations of civil rights laws by Defendants to a licensed attorney.

40. Licensed attorneys are public bodies for purposes of the Whistleblowers' Protection Act. *See, McNeill-Marks v. Midmichigan Med. Center-Gratiot*, 316 Mich. App. 1, 23 (2016).

41. Defendants were aware the Plaintiff was reporting and investigation suspected violations of law to a public body.

42. Defendants' actions in retaliating against Plaintiff, including but not limited to, the termination of his employment and the denial of his earned commissions, was intentional and in disregard for the Plaintiff's constitutionally protected rights.

43. The retaliatory conduct of Defendants and its agents is a violation of Michigan Whistleblowers' Act, MCL 15.362.

7

WHEREFORE, Plaintiff respectfully requests this Honorable Court grant judgment in favor of Plaintiff and against Defendants in an amount that this Court or a jury deems just and fair, plus interests, costs, and attorney fees.

Respectfully submitted,

/s/ *Jonathan R. Marko*
Jonathan R. Marko (P72450)
**MARKO LAW, PLLC**
1300 Broadway Street, Fifth Floor
Detroit, MI 48226
(313) 777-7529 / Fax: (313) 777-5785
Email: jon@markolaw.com

Dated: June 7, 2021

# FIRST AMENDED COMPLAINT'S
# EXHIBIT 1

# MARKO LAW

JMARKOLAW.COM     P. (313) 777-7LAW

April 30, 2021

**SENT VIA CERTIFIED MAIL AND EMAIL**
A 2 Mac One
Frank Bunt & Risk Management
8393 Rawsonville Road
Belleville, MI 48111

*RE: Robert Shalhoub- MRE 408 Communication*

Dear Mr. Bunt:

Please be advised that I represent Robert Shalhoub as it relates to his employment with your company. Based upon our initial investigation of this matter, we believe that our client has viable legal claims under Michigan's Elliott-Larsen Civil Rights Act ("ELCRA"), Title VII of the Civil Rights Act of 1964, breach of contract, and possibly other claims under Michigan and Federal Law.

As you aware, Mr. Shalhoub participated in a protected civil rights investigation and lawsuit, *Anitrah Nelson v A2Mac1,* Wayne County Circuit Court Case # 18-002164-CD. As part of that matter, Mr. Shalhoub was compelled to give honest testimony that was detrimental to the A2Mac1. Since that time, Mr. Shalhoub has been retaliated against.

We also have concerns about Mr. Shalhoub's commission plan being unilaterally changed by the company, in potential violation of Michigan's Sales Commision Act, MCL 600.2961, and common law. Under Michigan law, employees are entitled to commissions if their past services helped to procure the money received. Furthermore, in Michigan, as well as in most jurisdictions, an agent is entitled to recover his commission whether or not he has personally concluded and completed the event generating the money, so long as his efforts helped to procure the money received. *Reade v. Haak*, 147 Mich. 42, 46 (1907); *Case v. Rudolph Wurlitzer Co.,* 186 Mich. 81, 152 N.W. 977; *MacMillan v. C. & G. Cooper Co.,* 249 Mich 594, 598 (1930). (emphasis added). In Michigan, the rule goes further to provide if the authority of the agent has been canceled by the principal, the agent would nevertheless be permitted to recover the commission if the agent was the procuring cause. *Heaton v. Edwards,* 90 Mich 500, 503 (1892); *Reed v. Kurdziel*, 352 Mich 287, 294 95 (1958).

MAIN OFFICE:
1300 BROADWAY ST. | 5TH FLOOR
DETROIT MI 48226

PLEASE DIRECT ALL MAIL
TO OUR DETROIT OFFICE

MID MICHIGAN OFFICE:
600 EAST BROADWAY, SUITE 101
MOUNT PLEASANT, MI 48858



<u>Given that there is potential litigation, this letter will also serve as formal notice of your legal obligations to preserve any and all documents that may be related to this matter. Such documents may include, but are not limited to, office records and notes, including consultations, if any, complete and full records, tax information paper and electronic documents, medical records, voicemails, e-mails, text messages, databases, audio files, video files and photographs. You are also directed to ensure that your company(s) suspends its normal retention schedule and/or disposition policies for all relevant material until further written notice.</u>

<u>Finally, this letter serves as a request for a complete, unedited, and unredacted copy of my client's personnel file pursuant to the Bullard-Plawecki Employee Right to Know Act, MCL 423.501.</u> As you are aware, the file must be completely produced "as is" at the receipt of this letter. We also are requesting any/all employment contracts between Mr. Shalhoub and your company, including commission plans. Please make sure to include his current commision plan.

Please direct all future correspondence or communications regarding same to this office. My client is willing to discuss an amicable seperation from the company. It would be a shame for all parties to have to resort to public litigation regarding this matter. We look forward to discussing this matter with you further. I remain,

Very truly yours,

MARKO LAW, PLLC

Jon Marko

MAIN OFFICE:
1300 BROADWAY ST. | 5TH FLOOR
DETROIT MI 48226

PLEASE DIRECT ALL MAIL
TO OUR DETROIT OFFICE

MID MICHIGAN OFFICE:
600 EAST BROADWAY, SUITE 101
MOUNT PLEASANT, MI 48858